LAND, J.
Plaintiffs, minority stockholders, petitioned for the appointment of a receiver. The corporate officials, joined by the majority stockholders as interveners, contested the necessity and legality of the proposed appointment.
The court appointed the Amite Bank & Trust Company as receiver, and the defendants and interveners have appealed.
The corporation was organized in March, *591 1907. In the summer of 190S, the entire plant, except the engine, boiler presses, and a few buildings, was destroyed by fire. The loss was adjusted, and $28,500 paid to the corporation. Later, the engine, boiler, and presses were sold by the management. The remaining property of the corporation, consisting of about nine acres of ground with the buildings thereon, was leased to negroes.
In September, 1908, the president of the company, who with his majority associates resided in Summit, Miss., wrote to one of the Louisiana stockholders that he deemed it unnecessary to call a meeting of the stockholders at that time, and that such a meeting would be called when he deemed it proper and advisable. The letter winds up as follows:
‘‘I have an idea that in the event we cannot sell the balance of the property without sacrificing the same, that it might be better for its to figure on rebuilding the oilmill, or else putting in a compress and cotton warehouse. But, of course, on these matters I will not act until a meeting is called, and every stockholder has an opportunity to express himself.
“I would be glad if you would show this letter to all your friends who are interested with us in the Banner Cotton Oil Company.”
No such meeting was ever called, and after the lapse of six months the president of the company wrote to several of the minority stockholders that a dividend of 20 per cent, had been declared on the capital stock of the corporation, and that checks for their respective interests would be forthcoming within a few days. The checks never came. All the books! papers, and moneys of the corporation were kept in Summit, Miss. One of the minority stockholders went to Summit for the purpose of examining the books, but was put off with excuses. Under this state of facts, the minority stockholders instituted the present suit for the appointment of a receiver. For answer to an order to produce the books, papers, etc., of the corporation, return was made by its president under oath that the minute book, stock book, original subscription list, cash book, journal, and ledger were in Summit, Miss., in the custody of the president of the company, and hence could not be produced at that time, but were subject to examination by any stockholder or any expert appointed by the court.
On sworn allegations of the plaintiff that the defendants were depredating on the property of the corporation, removing portions of the same, and attempting to sell the remainder of the property, the court ordered writs of injunction to issue restraining the defendants from disposing of the property until the' determination of the receivership proceedings.
The evidence tends to show that the managers of the company used and treated the corporate property and assets as if they were sole owners. If they held any meeting under the charter the fact is not shown by any record of the proceedings, nor by the testimony of any person who attended such meetings. The defendants live out of the state, and not one of them appeared at the trial. The records and books of the corporation have been kept out of the state, and the refusal of the defendants to produce the same creates an unfavorable presumption against their management of the affairs of the corporation. The suppression of evidence will justify a court and jury in drawing the most unfavorable inference, consistent with reason and probability, as to the nature and effect of the evidence which the opposite party has been precluded from using and examining as a means for the discovery of the truth. 9 Cyc. 790, note.
Directors and officers of corporations are trustees for stockholders and creditors. In this case there were no creditors, and there was no just excuse for the nonpayment of the declared dividend of 20% on the stock of the company. The retention without cause of this dividend was a misuse or misappli *593 cation of the funds of the corporation. The refusal to produce the hooks of the corporation creates an inference that their examination would disclose mismanagement of the business, or waste, misuse, or misapplication of the funds of the corporation.
The sale of the real estate in Louisiana and the transfer of the proceeds to the state of Mississippi, where all the defendants reside, would have left all the minority stockholders without remedy under the laws of the domicile of the corporation.
The appointment of a ■ receiver to a corporation is authorized at the instance of any stockholder when the directors or officers are jeopardizing his interest by gross mismanagement, or by acts ultra vires, or by wasting, misusing, or misapplying the funds of the corporation. Section 1, par. 2, Act No. 159 of 1898.
The authorities cited by counsel for defendants have no application to the facts of this case. There is no question here of the legitimate control of the affairs of a corporation by a majority of the stockholders. In the case at bar, a stockholders’ meeting should have been called as promised by the president, and the question of continuing the business of the corporation presented and determined at such meeting. But no such meeting was called, and the majority stockholders seem to have arrogated to themselves the right of liquidating the affairs of the corporation as they pleased. The charter itself provides for dissolution by a vote of three-fourths of the stock of the corporation at a stockholders’ meeting called for that purpose after 30 days’ notice to all of the stockholders; and, in case of dissolution, for a liquidation, settlement, and distribution by a commissioner elected by a majority of the stock voted at the election. There is no provision of the charter that empowers the board of directors to sell out or liquidate.
It follows that in the absence of a dissolution and liquidation under the terms of the charter, an attempted liquidation by the board of directors constitutes an act ultra vires that would authorize the appointment of a receiver under the statute. The undisputed fact seems to be that the management of this corporation was carried on without regard to the provisions of the statute as to meetings and notices to stockholders.
Judgment affirmed.