O’NIELL, Chief Justice.
 

 This is an appeal from a judgment appointing a receiver — called liquidator — of a defunct corporation. The plaintiff being a minority stockholder sued for the appointment of either a receiver or a liquidator, as she expressed it, and, after a hearing of the case the judge appointed a so-called “liquidator or trustee”, declaring that the appointment was made “as prayed for”. From this, and from the written reasons for the judgment, we infer that the appointee was intended to be a receiver, with authority only to liquidate and wind up the affairs of the corporation.
 

 The bank was chartered under the banking laws in June, 1900, and continued in business as a banking institution until January, 1934, when it was placed in liquidation on the petition of the bank commissioner. A liquidator was appointed by the court, on the petition of the bank commissioner, and he proceeded with the liquidation of the bank until October 25, 1940, when the commissioner’s successor in office, having paid all of the creditors and depositors of the bank, turned over to the stockholders, under an order of court, the remaining assets, consisting of real and personal property, cash, notes receivable, and stock in other corporations, and all of the books and records belonging to the bank. Four days later the stockholders held a meeting and elected a president, three vice-presidents and a secretary of the corporation. At the same time the stockholders adopted a resolution giving the president and the board of
 
 *131
 
 directors, or either of them, the authority to deal with, administer and dispose of the assets of the corporation as in their judgment they might deem to be to the best interest of the bank. The resolution was so worded as to give to the president and the board of directors, or either of them, unrestricted power of administration of the affairs of the corporation and of the disposal of its assets. The president then took charge of the property and affairs of the corporation and has administered them from that date, October 29, 1940, to this date. The acts of administration consisted merely of keeping the property in repair, paying the taxes thereon, collecting rents and promissory notes held by the bank, and collecting dividends on capital stock in other corporations. This suit, for the appointment of a receiver or liquidator, was filed on September 15, 1943, and was tried on May 31, 1944. No meeting of the directors or stockholders was ever held or called during the three and a half years following the date when the president took charge of the affairs of the corporation under authority of the resolution of the stockholders.
 

 The property which the bank commissioner turned over to the stockholders on October 25,1940, and of which the president took charge, consisted of 43 items of real estate, including several dwellings and town lots, and commercial property, and several improved farms. The property included also stock in other corporations, and a number of promissory notes. At the end of the year 1943, which was nearly three and a half years after the president had taken charge of the property, he had collected all of the promissory notes that were collectible. The amount of cash which the bank commissioner turned over to the stockholders on October 25, 1940, and of which the president took charge, was $3,220.90. At the end of the year 1943 the amount of cash on hand was $41,504.09. This increase of $38,283.19 consisted mainly of collections of notes and proceeds of sales of real estate. The total amount of revenues, properly so called, was $17,383.06 during the period of three and a half years. The expense of collecting these revenues, which expense includes $9,790 for salaries, amounted to $25,262.27, leaving a deficit of $7,879.21 in the operations covering the period of three and a half years. From which the judge of the district court concluded that the ultra vires acts of the majority stockholders and of the president acting under their authority were jeopardizing the rights of the minority stockholders. We say that the acts of the stockholders in conferring upon the board of directors and the president, or either of them, unrestricted authority in the matter of administering and disposing of the property of the corporation, by the resolution dated October 29, 1940, were in a sense ultra vires, because the charter of the corporation, in Article IX, specified the method of liquidating the affairs of the corporation amicably and extrajudicially by the appointment of three stockholders as liquidating commissioners, in the event of a dissolution of the corporation. The carrying on of business indefinitely in the name of the corporation, by the president, instead of having a prompt liquidation of the affairs of the corporation, was ultra vires, because
 
 *133
 
 the only purpose for which the corporation was chartered was to carry on a banking business, and it is conceded that there was never any possibility or intention on the part of the president or directors or stockholders of the corporation to resume the banking business after the bank commissioner turned over the remaining assets of the corporation to its stockholders, on October 25, 1940.
 

 When we add to this the fact that the president of the corporation withheld the payment of a distributive dividend to the stockholders out of the $41,504.09 of cash which was accumulated during the administration by the president under the resolu- ' tion of the stockholders dated October 29, 1940, during the whole three and a half years of that administration, we must conclude that the judge of the district court had ample reason for the appointment of a receiver at the instance of a minority stockholder. In the case of Varnado v. Banner Cotton Oil Co., 126 La. 590, 52 So.
 
 777,
 
 it was held that the appointment of a receiver for a defunct corporation at the instance of a minority stockholder was authorized by Act 159 of 1898 where the parties managing the affairs of the corporation were administering its affairs in a way not authorized by the charter and without observing the charter provisions with regard to meetings of stockholders or directors, and were proceeding to liquidate the affairs of the corporation in a way different from that provided for in the charter for an extrajudicial liquidation.
 

 Another matter which the judge properly considered in determining that the plaintiff in this case, being a minority stockholder, was entitled to have a receiver appointed to bring about a prompt liquidation of the affairs of the bank, was that the president, who had been put in charge of the property and affairs of the bank by the stockholders’ resolution on October 29,1940, owned and controlled by himself and his family three-fourths of the capital stock of the bank; and he and the plaintiff had become antagonistic towards each other. That is shown by the correspondence passing between them while the plaintiff was demanding a prompt liquidation and settlement of the affairs of the bank. Several of the letters written to the plaintiff by the president a short time before this suit was filed were introduced in evidence. In one of these letters the president sought to justify his refusal to finally liquidate the affairs of the bank by the fact that he and his family owned 75 per cent of the capital stock,— thus:
 

 “I do not agree with you in the statement that the bank should be liquidated fully, especially in view of the fact that the undersigned and his family own 75% of the stock of the bank. The bank will be liquidated or handled in the manner we feel will produce the utmost revenue to us and the balance of the stockholders.”
 

 The appellant’s complaint that the liquidator appointed by the court should be termed a receiver, instead of a liquidator and trustee, is well founded, although the purpose of the appointment is only to liquidate the affairs of the corporation. He is not to prolong the administration any fur
 
 *135
 
 ther than may he necessary for the liquidation and final settlement.
 

 The judgment appealed from is amended by changing the title of the party appointed liquidator and trustee to that of receiver; as thus amended the judgment is affirmed at the cost of the corporation.