GUIDRY, J.
In this slip and fall action, plaintiff, Daisy Foto, appeals from a trial court judgment granting summary judgment in favor of defendant, Rouse's Enterprises, LLC, and dismissing her claims against it with prejudice. For the reasons that follow, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
On July 17, 2013, Daisy Foto was a patron at a store owned and operated by Rouse's Enterprises, LLC (Rouse's) in Mandeville, Louisiana. While shopping on Aisle 12 of the store, Foto slipped on a clear, liquid substance and fell. Thereafter, Foto filed a petition for damages, naming Rouse's as a defendant, alleging that she had suffered serious injuries as a result of her fall and asserting that Rouse's was liable for her injuries because it either created, knew, or in the exercise of reasonable care should have known of the unreasonably hazardous condition, i.e., the clear, liquid substance on the floor, that caused her injuries.
On March 30, 2017, Rouse's filed a motion for summary judgment, asserting that Foto's suit is governed by La. R.S. 9:2800.6 and that it is entitled to summary judgment because Foto cannot establish that Rouse's (1) created the condition caused by the substance; (2) had actual notice of the condition caused by the substance; or (3) had constructive notice of the condition caused by the substance. In support of its motion, Rouse's attached excerpts from the depositions of Foto; Donald McDowell, the store manager of Rouse's on duty at the time of the accident; and Keith Moulliet, the assistant store director on duty at the time of the accident. Additionally, Rouse's relied on a Manager's Floor Inspection Record signed by McDowell and attached to McDowell's deposition, indicating that he completed a visual inspection of the entire store at 9:30 a.m. and that all floor and display areas were free of any hazard.
In opposing the summary judgment filed by Rouse's, Foto asserted that Rouse's floor inspection policy was ineffective, because McDowell failed to detect the subject hazard during his inspection. According to Foto, McDowell failed to detect the hazard because he was distracted by a clothing issue during the minutes surrounding *388 the floor inspection. As such. Foto asserted that based on the deposition testimony of Rouse's employees, there exists a genuine issue of material fact as to whether Rouse's had constructive knowledge of the hazardous condition.
Following a hearing on the motion filed by Rouse's, the trial court signed a judgment granting summary judgment in favor of Rouse's and dismissing Foto's claims against it with prejudice. Foto now appeals from the trial court's judgment.
DISCUSSION
Summary Judgment
A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact. M/V Resources LLC v. Louisiana Hardwood Products LLC, 16-0758, p. 8 (La. App. 1st Cir. 7/26/17), 225 So.3d 1104, 1109, writ denied, 17-1748 (La. 12/5/17), 231 So.3d 624. Amotion for summary judgment is properly granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing a motion for summary judgment, and all doubt must be resolved in the opponent's favor. Willis v. Medders, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050 (per curiam ).
The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. art. 966(A)(4). The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. La. C.C.P. art. 966(D)(2). In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. M/V Resources LLC, 16-0758 at p. 9, 225 So.3d at 1109.
A summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time. La. C.C.P. art. 966(F). On a motion for summary judgment, the burden of proof is on the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).
In ruling on a motion for summary judgment, the court's role is not to evaluate the weight of the evidence or to determine the truth of the matter but instead to determine whether there is a genuine issue of triable fact. Clark v. J-H-J Inc., 13-0432, pp. 3-4 (La. App. 1st Cir. 11/1/13), 136 So.3d 815, 817, writ denied, 13-2780 (La. 2/14/14), 132 So.3d 964. Because the applicable substantive law determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case.
*389 Nash v. Rouse's Enterprises, LLC, 15-1101, p. 3 (La. App. 1st Cir. 2/26/16), 191 So.3d 599, 600-601.
Merchant Liability
Louisiana Revised Statutes 9:2800.6 sets forth the burden of proof for a plaintiff in a claim against a merchant for damages due to a fall on the premises and provides, in pertinent part:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
To prove constructive notice, the plaintiff must show that the condition remained on the floor "for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C)(1). In order to establish this temporal element, a claimant must make a positive showing of the existence of the condition prior to the fall. White v. Wal-Mart Stores, Inc., 97-0393, p. 4 (La. 9/9/97), 699 So.2d 1081, 1084. While there is no bright-line time period, a claimant must show that the condition existed for "such a period of time...." White, 97-0393 at p. 4, 699 So.2d at 1084. Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily an issue of fact; however, there remains the prerequisite showing of some time period. White, 97-0393 at p. 4, 699 So.2d at 1084. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. White, 97-0393 at p. 4, 699 So.2d at 1084-85.
In support of its motion for summary judgment, Rouse's submitted an excerpt from Foto's deposition testimony, wherein she stated that while shopping on Aisle 12, she slipped on a clear liquid and fell. According to Foto, the liquid blended into the floor, it was difficult to see, and she did not see it before she fell. Foto stated that she did not see the liquid until after she got up off of the floor, and she had no idea how long the liquid was on the floor before she slipped or how it got there. Accordingly, Rouse's met its burden of pointing out that Foto is unable to produce factual support for one or more elements essential to her claim, and the burden shifted to Foto to produce factual support sufficient to establish a genuine issue of material fact.
In opposing the motion filed by Rouse's, Foto submitted an excerpt from her deposition testimony, wherein she stated that she was on Aisle 12 for about ten minutes looking for cleaning supplies prior to her fall. Additionally, in an affidavit also submitted in opposition to the motion, Foto *390 stated that she was on Aisle 12 between 9:30 a.m. and 9:40 a.m. for approximately ten minutes, and during that time, she did not recall anyone else being present on that aisle.
Foto also submitted an excerpt from the deposition testimony of Moulliet. Moulliet stated that he did not know what the substance on the floor was, but that it was clear and oily. He further stated that there were no products on the shelves right next to the area where the substance was located that would have contained such a liquid, but that there were some products further dowm the aisle that could have.
From our review of the record, we find that Foto presented evidence establishing that a clear, liquid substance was present on Aisle 12 prior to her fall, that she was on Aisle 12 for approximately ten minutes before she slipped and fell, and that during that time, no one else was on the aisle with her. Furthermore, Moulliet's testimony, stating that the liquid was not found on a section of the aisle where similar products were located, leads to the inference that it did not spill while Foto was shopping on Aisle 12. Therefore, the evidence presented by Foto creates a genuine issue of material fact as to the period of time that the liquid was on the floor prior to her fall and whether such period was sufficient to constitute constructive notice to Rouse's of the hazardous condition. See Sheffie v. Wal-Mart Louisiana LLC, 13-792, p. 7 (La. App. 5th Cir. 2/26/14), 134 So.3d 80, writ denied, 14-0881 (La. 6/20/14), 141 So.3d 813 ; see also Carter v. Hi Nabor Super Market, LLC, 13-0529, pp. 12-13 (La. App. 1st Cir. 12/30/14), 168 So.3d 698, 706-707, writ denied , 15-0190 (La. 4/17/15), 168 So.3d 399 (noting that factual issues as to the period of time a substance was on the floor proceeding plaintiff's fall and whether that time period was sufficiently lengthy to constitute constructive notice could not be resolved without weighing evidence and making credibility determinations, which are matters for the factfinder).
CONCLUSION
Accordingly, based on our de novo review of the record, we reverse the judgment of the trial court and remand this matter for further proceedings. All costs of this appeal are assessed to Rouse's Enterprises, LLC.
REVERSED AND REMANDED.
Crain, J. concurs and assigns reasons.
In ruling on a motion for summary judgment, this court cannot weigh evidence or make credibility determinations, and must generally accept an affiant's testimony or affidavit as true. See Thompson v. Center for Pediatric and Adolescent Medicine, L.L.C. , 17-1088 (La. App. 1 Cir. 3/15/18), 244 So.3d 441, 447, writ denied, 18-0583 (La. 6/1/18), 243 So.3d 1062. In her affidavit, plaintiff attested she was on Aisle 12 for ten minutes, no-one traversed the aisle during that ten-minute period, and she did not create the hazardous condition. For purposes of the motion for summary judgment, this establishes the condition existed for at least ten minutes and satisfies the temporal element created by White v. Wal-Mart Stores, Inc., 97-0393 (La. 9/9/97), 699 So.2d 1081, 1084. With this evidence, granting defendant summary judgment requires the conclusion that ten minutes, as a matter of law, is not an unreasonable period for the condition to exist. While a very close call, I cannot reach that conclusion under the facts presented.