# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 19-787


CAROLYN R. MILLER AND STEVEN RATHJEN

VERSUS

WILLIS COMMUNICATIONS, INC., ET AL.



**\*\*\*\*\*\*\*\*\*\***


ON APPLICATION FOR SUPERVISORY WRITS FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2016-1212-F
HONORABLE SHARON D. WILSON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## D. KENT SAVOIE
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, D. Kent Savoie, and Jonathan W. Perry, Judges.



**REVERSED AND RENDERED.**

**Randall B. Keiser**
**Matthew L. Nowlin**
**P.O. Box 12358**
**Alexandria, LA 71315-2358**
**(337) 443-6168**
**COUNSEL FOR DEFENDANTS/RELATORS:**
   **Willis Communications, Inc.**
   **State Farm Fire and Casulaty Company**

**Melissa Shaw-Brown**
**Baggett, McCall, Burgess, Watson & Gaughan, L.L.C.**
**3006 Country Club Road**
**P.O. Drawer 7820**
**Lake Charles, LA 70606-7820**
**(337) 478-8888**
**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
   **Judith Rathjen**
   **Carolyn R. Miller**
   **Steven Rathjen**

**SAVOIE, Judge.**

In this merchant's liability case, Relators, Willis Communications, Inc. (Willis) and State Farm Fire and Casualty Company (State Farm), seek supervisory writs from the denial of their motion for summary judgment. After having granted Relators' writ application and hearing oral argument in this matter, we reverse the ruling of the trial court, grant Relators' motion for summary judgment, and dismiss Plaintiffs' case.

## STATEMENT OF THE CASE

On August 5, 2015, Judith Rathjen (Ms. Rathjen), 69 years of age, was a customer at an AT&T store operated by Willis in Sulphur, Louisiana. She was sitting in a chair that had rolling wheels. Ms. Rathjen's daughter, Carolyn Miller (Ms. Miller), and granddaughter were sitting in similar chairs near Ms. Rathjen at a customer service desk and were being assisted by a customer service representative. When Ms. Rathjen attempted to get out of the chair, she pushed on the arms of the chair, the chair slid out from underneath her, and she fell to the ground. She was helped back into the same chair by other customers. The incident was captured on surveillance video. A store manager, Christian Breyer (Mr. Breyer), called an ambulance. Ambulance personnel lifted Ms. Rathjen out of the chair and transported her to West Calcasieu Cameron Hospital. Ms. Miller completed her purchase with AT&T and then went to the hospital.

On March 23, 2016, Ms. Rathjen filed suit against Willis and its insurer, State Farm, alleging that the rolling wheels on the chair created a hazard and an unsafe condition and that she broke her right hip when the chair slid out from underneath her. Ms. Rathjen died in August 2017, from issues allegedly unrelated to the incident in question. She was not deposed about this incident before her

death. Her children, Ms. Miller and Steven Rathjen (Mr. Rathjen), were later substituted as Plaintiffs in accordance with La.Code Civ.P. art. 801-807.

Relators filed a motion for summary judgment. Therein, they argued that Plaintiffs could not meet their burden of proving that the chair was inherently defective or created an unreasonable risk of harm, that Willis had actual or constructive notice of any purported defect in the chair, or that Willis failed to exercise reasonable care. Plaintiffs opposed the motion, alleging that store personnel created an unreasonable risk of harm in several ways. The motion was heard on August 19, 2019, and denied in open court. A judgment denying Relators' motion for summary judgment was signed on September 13, 2019.

Relators timely filed a notice of intent to file supervisory writs with this court. An opposition was filed on behalf of Plaintiffs. Relators filed a reply in which they asked that this matter be set for oral argument pursuant to La.Code Civ.P. art. 966(H) and this court's Internal Rule 30.

On January 15, 2020, this court issued an order granting Relator's writ application and request for oral argument. Oral argument was held on February 27, 2020.

## ON THE MERITS

"A denial of a motion for summary judgment is interlocutory, and the only remedy available is to seek supervisory relief." *Lewis v. Old Republic Ins. Co.*, 17-456, p. 2 (La.App. 3 Cir. 8/23/17), 226 So.3d 557, 558. This court reviews the denial of a summary judgment de novo "using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.*, whether there is any genuine issue of material fact, and whether the movant is

2

entitled to judgment as a matter of law." *Murphy v. Savannah*, 18-991, p. 7 (La. 5/8/19), 282 So.3d 1034, 1038.

A merchant's liability is governed by La.R.S. 9:2800.6, which states, in pertinent part:

> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> > (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> >
> > (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> >
> > (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

In *Parsons v. Sholand, LLC*, 13-2217 (La. App. 1 Cir. 8/29/14) (unreported decision), the court upheld a summary judgment in favor of the merchant where the plaintiff alleged a defect in a chair in a restaurant that collapsed when he sat in it. The plaintiff testified that he did not notice any problems with the chair before he sat in it or when he initially sat in it. The waitress who served the plaintiff at the restaurant on the day of the accident testified that she never had any problems with the chairs, that she did not know of any prior accidents involving the chairs, and that she cleaned the chairs on a weekly basis. The court stated:

> In a slip and fall case applying La. R.S. 9:2800.6, the court in *Babin v. Winn-Dixie Louisiana, Inc.,* 00-0078, pp. 5-6 (La. 6/30/00), 764 So.2d 37, 40 (per curiam) recognized that the burden on the non-moving plaintiff to defeat summary judgment on the issue of

3

constructive notice is to make a positive showing of evidence creating a genuine issue as to the existence of the condition prior to the accident, not the mere possibility. *See Mansoor v. Jazz Casino Company, LLC,* 12-1546, p. 1 (La. 9/21/12), 98 So.3d 795 (per curiam). By Mr. Parsons' own testimony and that of Ms. Waller, Shoney's Louisiana established that there was no apparent indication of a problem with the chair prior to Mr. Parsons sitting on it. *See Thompson v. Nelon's Fast Foods, Inc.,* 42,825, p. 5 (La.App. 2d Cir. 1/23/08), 974 So.2d 835, 838. Thus, we find no error in the trial court's determination that there is no genuine issue of material fact, as Mr. Parsons failed to produce contrary factual support sufficient to establish that he would be able to satisfy his evidentiary burden of proof at trial.

*Parsons,* p. 3.

In support of their motion for summary judgment at issue, Relators introduced the following, all of which was admitted into evidence: (1) the original petition for damages; (2) the answer to the petition; (3) the first amended petition; (4) the second amended petition; (5) the answer to the first and second amended petitions; (6) plaintiffs' responses to discovery; (7) Ms. Miller's deposition transcript; (8) Mr. Breyer's affidavit; and (9) a disc containing the video surveillance of the incident. Relators argue that, based on this evidence, they have shown the absence of factual support for one or more elements essential to Plaintiffs' claim, thereby shifting the burden of proof to Plaintiffs, and Plaintiffs have failed to satisfy their burden.

"Procedurally, the court's first task on a motion for summary judgment is determining whether the moving party's supporting documents . . . are sufficient to resolve all material factual issues." *Gilbert v. Gottsegen*, 14-593, p. 8 (La.App. 5 Cir. 5/21/15), 171 So.3d 289, 294, *writ denied*, 15-1406 (La. 10/2/15), 178 So.3d 993. "Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion." *Babin*, 764 So.2d at

4

"[A]n adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial." La.Code Civ.P. art. 967(B).

Relators rely on *Mayes v. Wausau Underwriters Ins. Co.*, 12-465 (La.App. 3 Cir. 12/12/12), 104 So.3d 785. In that case, the plaintiff was injured when the chair in which he sat collapsed. The chair was located in the waiting room of a tire repair shop. The chair's manufacturer was insolvent. This court upheld a summary judgment in favor of the tire repair shop, finding that the evidence established that there was no notice of any problem with the chair and that there was no evidence that the tire repair shop could have discovered any problem in the absence of a professional metallurgical examination of the chair welds.

Relators also rely heavily on the case of *Smith v. Casino New Orleans Casino*, 12-292 (La.App. 4 Cir. 10/3/12), 101 So.3d 507, wherein the court upheld a summary judgment in favor of a casino whose patron was injured when he fell while attempting to sit down in a swivel chair. In his petition, the patron alleged that the casino was grossly and wantonly negligent and that it failed to remove dangerous and defective property from its premises. In answers to interrogatories, however, the patron stated that there was a mixture of swivel and non-swivel chairs and that he "was relying on all chairs being fixed and was unaware swivel chairs were mixed in the seating area. When he went to sit in the chair in question the chair moved. . . causing him to fall resulting in the injuries complained of herein." *Id*. at 509. The defendants contended that this was an admission that there was nothing defective about the chair and filed a motion for summary judgment. The patron opposed the motion, submitting only his own affidavit stating that he sat in

5

other chairs without incident on the night in question and that they did not swivel in the same manner as the one on which he was injured. The trial court granted the motion. In upholding the grant of summary judgment, the court of appeal found that in introducing the patron's discovery responses, the casino met its burden of establishing the absence of evidentiary support for an essential element of the claim. The court of appeal further found that the patron's affidavit was insufficient to create a material issue of fact on the issue of whether the swivel chair created an unreasonable risk of harm or whether the swivel chair was defective. The court stated:

> As the federal court aptly explained in *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994):
>
> > This burden is not satisfied with "some metaphysical doubt as to the material facts," by "unsubstantiated assertions," or by only a "scintilla" of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.

*Id*. at 513-514.

In opposition to the motion for summary judgment in the instant case, Plaintiffs submitted the following, which were admitted into evidence: (1) the video recording of the incident; (2) Ms. Miller's deposition transcript; and (3) Mr. Breyer's deposition transcript.

In denying Relators' motion for summary judgment, the trial court stated:

> The problem I have with granting a summary judgment in this case is that I think this is a fact driven case . . . And if I get to the point where . . . I look at this in a sterile way, I might be inclined to grant summary judgment. But the more that I looked at this case[,] I do think it's fact driven. So[,] if it is fact driven[,] I think I am in a purview where I should be as the trial judge because that means that

there -- it's your interpretation of whether or not there is a genuine issue of material fact. And if I just look at the sterile deposition as submitted, it depends on how you interpret it. So[,] if I am there interpreting, then that means I am in the purview of the trier of fact[,] and this case should go to the trier of fact.

I find that there are genuine issues of material fact as to what the actual fact witnesses have testified to. And this is a case that is proper for the trier of fact and not for summary judgment.

Relators assert that the trial court applied an "erroneously low standard" in denying the motion for summary judgment and did not identify any disputed fact. Relators argue that the trial court's statement that it denied the motion for summary judgment on the basis that the case was "fact-driven" clearly shows that the trial court adopted and utilized the wrong legal standard.

"In ruling on a motion for summary judgment, the court's role is not to evaluate the weight of the evidence or to determine the truth of the matter but instead to determine whether there is a genuine issue of triable fact." *Foto v. Rouse's Enterprises, LLC*, 17-1601, p. 4 (La. App. 1 Cir. 8/6/18), 256 So.3d 386, 388. "[F]actual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." *Bowdoin v. WHC Maint. Serv., Inc.*, 17-150, pp. 4-5 (La.App. 3 Cir. 10/25/17), 230 So.3d 232, 236, *quoting Willis v. Medders*, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1150. "Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits." *Primeaux v. Best W. Plus Houma Inn*, 18-841, p. 6 (La.App. 1 Cir. 2/28/19), 274 So.3d 20, 27.

Plaintiffs argue that an unreasonable risk of harm was created when Ms. Rathjen was given a chair on rollers rather than a stationary chair and when the chair was placed on flooring not meant for a rolling chair. However, Plaintiffs

7

have not presented any evidence to show that they will be able to meet their burden of proof at trial and have not shown that any material facts are in dispute.

Plaintiffs concede that the chair was not defective, stating: "Plaintiffs agree with the defendants that this chair is not inherently defective." Ms. Miller testified that neither she nor her mother saw anything wrong with the chair that her mother used that day, and she believed it was the same as the chair in which she was sitting. Ms. Miller also stated that the chair her mother was sitting in looked like the other chairs that were around the customer service desk. Ms. Miller further testified that "they" got the chair from another desk for her mother and put it to the side of the customer service desk because she and her daughter were sitting in front of the desk. Ms. Miller testified that her mother seated herself and that no one told anyone at the AT&T store that her mother had any special needs as far as seating was concerned. Ms. Miller stated that her mother: "never needed assistance. She could get up on, you know, her own." Ms. Miller stated that she did not have any notice that there would be any problem when her mother went to get out of the chair. Ms. Miller further stated that she was not aware of anything that any AT&T employee did wrong on the date of the incident with regard to the chair that her mother used. Ms. Miller also indicated that she reviewed the video of the incident and that it accurately represented what happened.

The surveillance video of the incident in question shows the customer service desk and surrounding area of the store where the incident took place. It shows Ms. Rathjen sitting in a chair next to the customer service desk on flooring that is gray in color. The video also shows a smaller area of brown flooring underneath the customer service desk and in front of it, where Ms. Miller and her granddaughter are seen sitting. Ms. Rathjen's chair was at all relevant times on the

8

gray flooring. There is no indication in the video as to who had placed the chair Ms. Rathjen used next to the customer service desk on the gray flooring.

The surveillance video also shows Mr. Breyer roll a chair next to Ms. Rathjen on the gray flooring and sit and stand several times without incident. Ms. Rathjen's granddaughter is also seen on the video sitting, standing, and rolling her chair across the store on both the brown and the gray flooring without incident. Ms. Rathjen fell as she pushed her chair backward on the gray flooring.

Mr. Breyer was present at the AT&T store at the time of the incident, but he was no longer employed by AT&T at the time of his deposition. He testified that he was not aware of any other incidents involving customers or employees falling out of rolling chairs. He also indicated that he did not know who brought the chair for Ms. Rathjen to sit in. Mr. Breyer further testified that the Sulphur store had carpet flooring and that the gray section of the floor on the surveillance video was carpet; however, he indicated that he did not know whether the brown area of flooring under the customer service desk was carpet or a different type of flooring.

In *Maze v. Almelbet, Inc.*, 19-127 (La.App. 3 Cir. 7/3/19) (unpublished opinion), *writ denied*, 19-1245 (La. 10/21/19), 280 So.3d 1176, this court granted a summary judgment in favor a supermarket whose patron alleged that he was injured by a defective toilet seat. This court noted:

> The trial court denied the relators' motion for summary judgment finding that Saltzman did not do a thorough inspection of the toilet. The trial court did note that it thought that the case "barely" survived summary judgment and that it was "going to be a big problem convincing a fact-finder . . . that there was a proven defect in that toilet." We find the trial court erred because it did not find that Maze presented evidence showing that a genuine issue of material fact exists regarding the existence of a defect in the toilet seat or the relators' knowledge thereof.

9

*Id.* at p. 5. Similarly, we find that in the instant case Plaintiffs did not submit any evidence to show the existence of a genuine issue of material fact.

We note Relators' argument to this court that Plaintiffs should be judicially estopped from adopting a new position that is contrary to their pleadings and discovery responses in an attempt to create a genuine issue of material fact. According to Relators, the new position is that:

> the store created an unreasonably dangerous condition when it provided Judith Rathjen with a chair with roller wheels (the same type of chair that everybody else at the sales desk was sitting in), and failed to warn Judith Rathjen that the chair was equipped with "roller wheels" (an open and obvious condition for which Defendants have no duty to protect against) and would roll if pushed (another open and obvious condition).

(Footnote omitted).

We further note, however, that Plaintiffs argued as follows in their opposition to the motion for summary judgment submitted to the trial court:

> [T]he AT&T staff, even after the acting manager saw her struggle to walk to the store, provided her with the rolling chair although stationary chairs were available close by. Moreover, they moved the rolling chair from its designated position onto a different flooring. In this case, Defendants created the hazard; therefore, Plaintiff has provided evidence to satisfy this element.

Therefore, Plaintiffs are not estopped from asserting this argument. However, for the reasons given above, we agree with Relators that the trial court erred in denying their motion for summary judgment. Plaintiffs failed to prove the existence of a defect and or that Relators had actual or constructive knowledge of any alleged defect. Therefore, we reverse the trial court's ruling, grant the motion for summary judgment filed by Relators, and dismiss the claims of Plaintiffs with prejudice.

10

## DECREE

The trial court's denial of Relators' motion for summary judgment is reversed. We further grant the motion for summary judgment of Willis Communication Inc. and State Farm Fire and Casualty Company and dismiss the claims of Carolyn Miller and Steven Rathjen with prejudice. Costs of these proceedings are assessed to Carolyn Miller and Steven Rathjen.

**REVERSED AND RENDERED.**