AYRES, Judge.
This is a companion case to that of Mrs. Betty Jean Fuller Finn v. The Employers’ •Liability Assurance Corporation, Limited, et al., La.App., 141 So.2d 852, and with which it was consolidated for the purpose of trial. The questions of liability were determined in the companion case and there remains for consideration only the question of the awards of damages. The claim of reimbursement of $1,100.90 for funeral expenses is not in contest.
The decedent, Wesley Gray Shuford, III, was 22 years of age at the time of his death. He was married to plaintiff June 24, 1956, at the age of 19. Surviving him were his wife and two children, Wesley Gray Shuford, IV, aged two-and-a-half years; Suzanne Kay Shuford, 14 months old; and an unborn child, William Ray Shuford, born posthumously three months after his death. The deceased had a life expectancy of 40.85 years. His earnings for the year 1958 averaged $383.00 per month and, for 1959 to the time of his death, $381.00 per month. He was not shown to have had income from any source other than his wages. Their family relationship was ideal. Mutual respect, love, and devotion, between them and for their children, were unmistakably manifested in the record.
Mrs. Shuford was awarded damages as follows: $10,000.00 for loss of her husband’s love, affection, and companionship; $20,000.00 for loss of support; and $1,100.90 for funeral expenses. The minors, William Ray Shuford, Suzanne Kay Shuford, and Wesley Gray Shuford, were each awarded $7,000.00 for the loss of their father’s love, affection, and companionship, and, for the loss of support, the sums of $10,000.00, $9,000.00, and $8,500.00, respectively.
The awards were, as to the surety limited to its contractual liability of $50,000.00 for each person and $100,000.00 for all persons injured or killed in one accident. The intervenor’s claims for reimbursement of compensation were recognized and ordered paid out of plaintiff’s awards.
*852 From that judgment, defendants sus-pensively appealed. Plaintiff, by answer to the appeal, prayed for an increase in the awards.
After giving consideration to all the facts and circumstances disclosed in the record, including those to which we have referred hereinabove, as well as in the companion case, we find the awards are inadequate in view of the awards finally determined in 'the cases of Pennington v. Justiss-Mears Oil Company, 242 La. 1, 134 So.2d 53; McFarland v. Illinois Central Railroad Company, 241 La. 15, 127 So.2d 183; Swillie v. General Motors Corporation, La.App. 3d Cir., 1961, 133 So.2d 813 (writs denied).
Accordingly, for these and the reasons assigned in the companion case, the awards in the instant case should be increased.
By comparison, Shuford was three years younger than Finn and, while their rates of pay were probably the same, Shuford’s annual earnings were slightly in excess of Finn’s earnings. Hence, we think an award to Mrs. Shuford for the loss of support and reimbursement of funeral expenses, in the sum of $35,000.00, and, for the minors, awards of $10,000.00 to each for the loss of the love, affection, and companionship of their father, and $10,000.00 to each for the loss of his support, are in line and consistent with the awards in similar cases, particularly those hereinabove cited and referred to in the companion case. These awards, in our opinion, are neither excessive nor inadequate to do justice between the parties.
Therefore, it is Ordered, Adjudged and Decreed that the judgment appealed be, and it is hereby, amended by increasing the principal of the total award in favor of plaintiff, Mrs. Wanda Ware Shuford, individually, to the sum of $45,000.00, and by increasing the principal of the awards in favor of Mrs. Wanda Ware Shuford for the use and benefit of the minors as follows :
William Ray Shuford to $20,000.00,
Suzanne Kay Shuford to $20,000.00,
Wesley Gray Shuford to $20,000.00.
It is further Ordered, Adjudged and Decreed that the judgment as amended here-inabove be, and it is, further amended by the recognition of the contractual limits of liability of the insurer, and that, accordingly, of the aforesaid awards, the said insurer, The Employers’ Liability Assurance Corporation, Limited, is condemned, in solido, with the defendant, J. H. Williams, for the payment of $50,000.00 plus interest and costs as assessed in the judgment appealed, and, accordingly, the insured, J. H. Williams, is condemned, individually for the payment of the remainder of said judgment as herein amended, which, as thus amended, is affirmed at defendants-appellants’ cost.
Amended and affirmed.