THERIOT, J.,
concurring and assigning reasons.
hi agree with the majority that Carter v. Hi Nabor Super Market, LLC, 13-0529 (La.App. 1 Cir. 12/30/14), 168 So.3d 698, writ denied, 15-0190 (La.4/17/15), 168 So.3d 399, does not hold that summary judgment is precluded when a merchant’s constructive notice is at issue. I write separately to clarify the significance of this court’s opinion in Carter, as raised by the plaintiff-appellant in his second assignment of error.
The Merchant’s Liability Statute, La. R.S. 9:2800.6, defines the burden of proof in cases involving slip and fall injuries in commercial establishments. See Green v. Orleans Parish School Bd., 00-0106 (La.App. 4 Cir. 2/7/01), 780 So.2d 1082, 1085. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of injuries sustained by a fall due to a condition existing in or on a merchant’s premises, the Merchant’s Liability- Statute requires the claimant prove, in addition to all other elements of his cause of action, that, *603 in pertinent part, the merchant had actual or constructive notice of the condition that caused the claimant’s injuries. La. R.S. 9:2800.6(B)(2).
li>The Louisiana Supreme Court addressed the concept of constructive knowledge under the Merchant’s Liability Statute in White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081. In “that case, the Supreme Court explained that whether a hazardous Condition exists for a sufficiently lengthy period of timé' for a merchant to discover it is necessarily a question of fact, but clarified that a claimant cannot bear his burden of proof without showing that the hazardous condition existed for some period of time before the fall. See White, 699 So.2d at 1084.
In Carter v. Hi Nabor, 168 So.3d at 706, this court likewise explained that a merchant’s constructive notice of a hazardous condition under La. R.S. 9:2800.6 can be established only where the claimant presents proof that the condition actually existed for some period of time prior to the accident. In Carter, the trial court granted summary judgment in favor of the defendant merchant, despite the fact that the plaintiff was able to point to evidence tending to establish the existence of a foreign object on the floor of the merchant’s premises around the'time of the accident and tending to establish discrepancies regarding the merchant’s inspéction of the area in which the fall occurred. See Carter, 168 So.3d at 700-01.
On appeal, this court held that the conflicting evidence regarding the merchant’s examination of the area in which the plaintiff fell and concerning the period of tinife that the foreign substance existed on the floor before the accident created genuine issues of material fact. Because the factual issues in that case could not be resolved on summary judgment without, weighing the evidence and making credibility determinations, we reversed the trial court’s grant of summary judgment and remanded the matter to the trial court for further proceedings. Carter, 168 So.3d at 706-07.
|Jn the case at bar, there were no disputed issues of material fact. Mr: Nash presented no positive evidence tending to establish that á hazardous condition existed on the floor in the area in which he fell for any period of time prior to the accident. Because Mr. Nash failed to present evidence in opposition to the motion for summary judgment sufficient to establish that he could bear his burden of proof regarding the temporal element required under the Merchant’s Liability Statute at trial, the trial court did not err by granting summary judgment in- favor of Rouse’s.
THERIOT, and McCLENDON, concur and assigns reasons.