STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-369

GEORGE KEITH DAY, ET AL.

VERSUS

BNSF RAILWAY CO., ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 128692
HONORABLE VINCENT J. BORNE, DISTRICT JUDGE

**********

VAN H. KYZAR
JUDGE

**********

Court composed of Shannon J. Gremillion, Van H. Kyzar, and Jonathan W. Perry, Judges.

AFFIRMED.

**Thomas Reginald Hightower, Jr.**
**Attorney at Law**
**P. O. Drawer 51288**
**Lafayette, LA 70505**
**(337) 233-0555**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
**BNSF Railway Co.**
**Tyrone Clark**

**John Edmund McElligott, Jr.**
**Robert D. Felder**
**Mark Gideon**
**Davidson, Meaux, Sonnier**
**P. O. Box 2908**
**Lafayette, LA 70502-2908**
**(337) 237-1660**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
**Tyrone Clark**
**BNSF Railway Co.**

**Daniel Albert Claitor**
**Attorney at Law**
**7520 Perkins Road, Suite 170**
**Baton Rouge, LA 70808**
**(225) 767-0159**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**The Estate of Stephen Leblanc, Jr.**
**Stephen Leblanc, III**

**Kirk Andrew Guidry**
**Due, Price, Guidry**
**8201 Jefferson Hwy.**
**Baton Rouge, LA 70809**
**(225) 929-7481**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Monic Porrier obo T. S. Estate (minor)**
**Reschelle Potier obo J. D. Estate (minor)**
**Rechelle Potier**
**Dustin Daigle obo J. D. Estate (minor)**

**Richard Thomas Gallagher, Jr.**
**Gallagher Law Firm**
**111 Veterans Blvd, Ste 1400**
**Metairie, LA 70005**
**(504) 882-2220**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Jody Day obo Phyllis Leblanc Estate**

**Harry Karl Burdette**
**The Glenn Armentor Law Corp.**

300 Stewart St.
Lafayette, LA 70501
(337) 233-1471
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Dustin Daigle
    Dustin Daigle obo J. D. Estate (minor)
    Monic Porrier obo T. S. Estate (minor)
    Reschelle Potier obo J. D. Estate (minor)

R. Michael Moity, Jr.
The Moity Law Firm
340 Weeks St.
New Iberia, LA 70560
(337) 365-5529
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Brian Schmidt
    Monic Porrier
    George Keith Day obo C. D. Estate
    Brian Schmidt obo T. S. Estate (minor)

David Brennan Stockstill
Attorney At Law
702 Loreauville Road
New Iberia, LA 70563-2022
(337) 367-1575
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Brian Schmidt
    Brian Schmidt obo T. S. Estate (minor)
    George Keith Day obo C. D. Estate
    Monic Porrier

D'Ann R. Penner
Penner Law, LLC
109 E. Vermilion Street
Lafayette, LA 70502-3868
(337) 564-2217
COUNSEL FOR PLAINTIFFS/APPELLEES:
    George Keith Day obo C. D. Estate
    George Keith Day
    George Keith Day obo B. D. (minor)

James B. Dill
Attorney at Law
3045 Ridgelake Drive #203
Metairie, LA 70002
(504) 838-8883
COUNSEL FOR PLAINTIFFS/APPELLEES:
    George Keith Day
    George Keith Day obo B. D. (minor)
    Jody Day

Stephen M. Alexander
Attorney at Law
8550 United Plaza Blvd, Ste # 7
Baton Rouge, LA 70809
(225) 922-4488
COUNSEL FOR PLAINTIFFS/APPELLEES:
     Reschelle Potier obo J. D. Estate (minor)
     Rechelle Potier
     Dustin Daigle obo J. D. Estate (minor)

Douglas Poole
Attorney at Law
802 25th Street
Galveston, TX 77550
(409) 762-1155
COUNSEL FOR DEFENDANTS/APPELLANTS:
     Tyrone Clark
     BNSF Railway Co.

Nathan L. Karlin
Pottroff & Karlin
320 Sunset Avenue
Manhattan, KS 66502-3757
(785) 539-4656
COUNSEL FOR PLAINTIFFS/APPELLEES:
     Rechelle Potier
     The Estate of Stephen Leblanc, Jr.
     Stephen Leblanc, III
     Jody Day
     Dustin Daigle obo J. D. Estate (minor)
     Brian Schmidt obo T. S. Estate (minor)
     Monic Porrier
     George Keith Day
     Brian Schmidt
     George Keith Day obo C. D. Estate
     Monic Porrier obo T. S. Estate (minor)
     Jody Day obo Phyllis Leblanc Estate
     Dustin Daigle
     George Keith Day obo B. D. (minor)
     Reschelle Potier obo J. D. Estate (minor)
     Jody Day obo B. D. (minor)

**KYZAR, Judge.**

BNSF Railway Company appeals the granting of Plaintiffs' motion for sanctions for spoliation in the form of a specific jury instruction that allows for the presumption that missing evidence in a railroad crossing accident would be detrimental to its case had it been produced. For the reasons below, we affirm the ruling of the trial court allowing the jury instruction.

## FACTS AND PROCEDURAL HISTORY

This is a railroad (RR) crossing accident case arising in Iberia Parish. Only one automobile was involved in the accident when the driver of the car, Ms. LeBlanc, drove onto a crossing, and the vehicle was struck by a BNSF Railway Company "Amtrak" train. Four of the five occupants of the car were killed.

The accident was witnessed by law enforcement officer Jillian Lockhart Landry, who testified that Ms. LeBlanc, when faced with properly operating RR crossing warning lights and crossbars, inexplicably pulled to a stop on the tracks, even though the train was clearly visible and sounding its horn. The accident was also witnessed by the train engineer as well as captured on the train engine's forward-looking camera. Further, the data from two separate crossing signal activation devices, known as Harmon Crossing Processors or HXPs, was downloaded, one of which was responsible for the lights and gates at the crossing in question. Two other available HXPs did not have their data downloaded or had the data overwritten, which include the Remote Terminal Unit and the Harmon Crossing Analyzer. Plaintiffs also allege that the HXP data was manipulated, and there was conflicting testimony regarding the steps taken on the night of the accident and whether or not all available data was timely downloaded.

The issue before the court is whether BNSF is subject to spoliation sanctions for intentionally destroying and/or not preserving the evidence. After a hearing, the

trial court ruled for Plaintiffs and rendered judgment that an instruction be given to the jury to allow the jury, if they so choose, to use the missing evidence as a negative inference against BNSF that the evidence would have been favorable to Plaintiffs.

On appeal, BNSF asserts two assignments of error as follows:

1. The trial court committed legal error in issuing a spoliation sanction absent proof and a finding of bad faith intent to spoliate, especially where there is no evidence the alleged spoliated evidence would have supported any viable claim against any defendants.

2. The trial court further committed legal error in allowing the question of spoliation to be tried and determined by the jury, thereby allowing Plaintiffs to transform their meritless grade crossing collision claims into an unfairly prejudicial trial on spoliation.

## DISCUSSION

The appellate standard of review for a trial court's evidentiary ruling on the issue of spoliation is whether the trial court abused its broad discretion. *BancorpSouth Bank v. Kleinpeter Trace, LLC*, 13-1396 (La.App. 1 Cir. 10/1/14), 155 So.3d 614, *writ denial*, 14-2470 (La. 2/27/15), 159 So.3d 1067. The basis for the rule of law that an appellate court must exercise great restraint before it reverses a jury verdict because of erroneous jury instructions is that trial courts are given broad discretion in formulating jury instructions, and trial court judgments will not be reversed as long as said instructions correctly state the substance of the law. La.Code Civ.P. art. 1792; *see also Sayre v. PNK (Lake Charles), LLC*, 15-859 (La.App. 3 Cir. 3/23/16), 188 So.3d 428, *writ denied*, 16-696 (La. 6/28/16), 192 So.3d 780.

> Spoliation of the evidence is an *evidentiary* doctrine that refers to an intentional destruction of evidence for the purpose of depriving the opposing parties of its use in pending or anticipated litigation. *BancorpSouth Bank v. Kleinpeter Trace, L.L.C.*, 13-1396 (La.App. 1st Cir.10/1/14), 155 So.3d 614; *Clavier v. Our Lady of the Lake Hospital Inc.*, 12-0560 (La.App. 1st Cir.12/28/12), 112 So.3d 881, 885, *writ denied*, 13-0264 (La.3/15/13), 109 So.3d 384. . .

2

A trial court has the authority to impose sanctions on a party for spoliation of evidence and other discovery misconduct under both its inherent power to manage its own affairs and the discovery articles provided in the Louisiana Code of Civil Procedure. Under La. C.C.P. art. 1471, when a party refuses or is unable to comply with a discovery order, the trial court in a pending action "may make such orders in regard to the failure as are just," thereby granting the trial court broad discretion to impose a range of sanctions. La. C.C.P. art. 1471(A); *see also* Fed.R.Civ.P. 37. Even without a discovery order, La. C.C.P. art. 191 authorizes trial courts to impose sanctions for spoliation of the evidence, since the destruction of evidence clearly interferes with the court's ability to fairly administer justice. Specifically, La. C.C.P. art. 191 provides that a trial court "possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law."

. . . .

The range of possible sanctions include dismissing a case, rendering a default judgment, striking pleadings, striking a claim or defense, and excluding evidence. *See* La. C.C.P. art. 1471; *Spoliation of Evidence* at 61 & n. 5. A determination as to what sanction is appropriate in a particular case is a matter within the province of the trial court, depending upon the facts present. As with other evidentiary and discovery rulings, the trial court has much discretion in deciding which sanction, if any, to impose. *Cf. Hutchinson v. Westport Insurance Corporation*, 04-1592 (La. 11/8/04), 886 So.2d 438, 440 (per curiam); *also see Adkins v. Wolever*, 554 F.3d 650, 653 (6th Cir.2009).

*Carter v. Hi Nabor Super Market, LLC*, 13-529, pp. 6-9 (La.App. 1 Cir. 12/30/14), 168 So.3d 698, 703-05, *writ denied*, 15-190 (La. 4/17/15), 168 So.3d 399 (emphasis in original).

"The duty to preserve evidence arises from the foreseeability of the need for the evidence in the future." *Id.* at 703. Once a trial court finds that a party had failed to produce evidence within his control, one possible sanction the trial court may impose is an instruction to the jury that it may infer that the evidence was detrimental to that party. *Id.* If an adequate explanation is given for the party's failure to produce the evidence, however, the adverse presumption does not apply. *Id.* "Louisiana jurisprudence holds that when a litigant destroys, conceals, or fails to produce evidence within his or her control, it gives rise to an adverse presumption that had the evidence been produced, it would have been detrimental to the litigant's case."

3

*Allstate Ins. Co. v. Ford Motor Co.*, 00-710, p. 4 (La.App. 3 Cir. 11/2/00), 772 So.2d 339, 342.

The issue presented here is whether the trial court erred in imposing the sanction of a jury charge for spoliation of evidence by BNSF for allegedly failing to preserve the data from two HXPs, the Remote Terminal Unit (RTU) and the Harmon Crossing Analyzer (HCA). It is not disputed that this evidence is missing. What is disputed is whether or not the HCA was properly downloaded, the RTU was downloaded or could be downloaded, and whether or not the HXP was timely downloaded. Four BNSF employees testified regarding BNSF policies following an accident and noted that there was a specific procedure to follow as outlined in BNSF Post-Accident 7.1 Signal Instructions. Their testimony conflicted in regard to whether or not all steps of the instructions were followed properly.

BNSF contends on appeal that the trial court made no finding that BNSF intentionally failed to preserve the evidence or that it intentionally destroyed the evidence and that, in fact, the trial court stated that BSNF's explanation of what transpired was "plausible," thus negating a finding of intentionality in the mishandling of the devices. A review of the trial court's reasons for judgment, stating its factual findings following a full hearing and including witnesses for the railroad, shows otherwise. In written reasons for judgment, the trial court set forth the following:

> In the case at bar, Defendants, BNSF, had written protocol to ensure that BNSF personnel at the scene of an accident worked together to conduct investigations under the supervision of BNSF management. The BNSF Post-Accident 7.1 Signal Instructions have very specific requirements for conducting signal inspections following an accident that involves injuries or fatalities at a grade crossing. BNSF had a duty pursuant to its written policy, 7.1 Instructions, to download the data. BNSF employees testified that there is a policy requiring the event data recorders be downloaded. The event recorders and event recorder data were in BNSF's sole control and BNSF's written policy imposed a duty to download the event recorder data. During the post-incident phone

4

call, it was asked if all equipment was downloaded and the original log was downloaded. This was confirmed at the 7.1 Conference where these employees allegedly first learned the HCA data was not properly downloaded.

The reasons BNSF has given for not downloading the data, while plausible.[sic] are not evidence it was destroyed by accident. First, there is eye-witness testimony about laptops being used on the night of the accident. Chris Duffell testified that he saw Wiltz and Whitaker had laptops in the bungalow. Second, allegedly, Whitaker thought Wiltz downloaded the data, and he certified that it was downloaded because he believed it to be true. Defendants acknowledge that all relevant data was overwritten. BNSF employees testified that they saw the system malfunction, as it does when the train is on crossing, but were unaware it was overwriting data.

Therefore, based on the evidence presented and submitted, this Court finds that based on the totality of the circumstances, it appears that Defendants had a duty to download the data based on BNSF's written policy, 7.1 Instructions, and BNSF employees were in sole possession and complete control of the data. The data was in BNSF's sole possession and control when it was overwritten or deleted, therefore, the Court cannot find it was accidental. Every action or inaction leading to the destruction of the data were those of BNSF employees while the recorders were in their sole control in direct violation of BNSF written instructions allowing data to be lost. Based on the totality of the circumstances, this Court finds that a reasonable trier of fact could find that BNSF employees were in bad faith. The missing data regarding the railroad crossing signal system function is relevant to a rail-road crossing claim. Consequently, this Court finds that this action does not rise to a mandatory instruction but a non-mandatory, permissive instruction can allow the jury to apply the presumption to the evidence about facts that may be determinative of fault.

"Where a litigant fails to produce evidence available to him and gives no reasonable explanation, the presumption is that evidence would have been unfavorable to his cause. The presumption is not applicable where the failure to produce the evidence is explained." *Salone v. Jefferson Parish Dep't. of Water*, 94-212, p. 6 (La.App. 5 Cir. 10/12/94), 645 So.2d 747, 750 (quoting *Boh Bros. Constr. Co. Inc. v. Luber-Finer Inc.*, 612 So.2d 270, 274 (La.App. 4 Cir.1992)) (internal citations omitted). Our supreme court has clearly stated that "Louisiana law does not recognize a duty to preserve evidence in the context of negligent spoliation."

5

*Reynolds v. Bordelon*, 14-2362, p. 14 (La. 6/30/15), 172 So.3d 589, 600. However, in the instant case, the trial court specifically stated that it could not find the actions of the BNSF employees to be "accidental", thus, the actions had to be intentional and not merely negligent. Further, the duty to preserve evidence arises from a foreseeability of the need for said evidence in future litigation. *Carter*, 168 So.3d 698. Given the incident of a fatal accident, BNSF had ample notice of the potential requirement of evidence for trial and had sole access to the RTU and HCA.

Plaintiffs rely upon the decision of this court in *Sayre*, 188 So.3d 428, for the proposition that violation of a company policy combined with other evidence is sufficient to allow for sanctions for spoliation of evidence. There the court stated:

> The adverse presumption is a sanction for spoliation, but it also stands on its own as a doctrine and an alternative remedy to restore footing to the party who has unfairly borne the risk of missing evidence and an erroneous judgment. Here, L'Auberge had complete control of the evidence and a policy in place to gather and maintain control of the evidence, to the exclusion of all others, essentially creating a vault that admits no light. Under such circumstances, it assumed the sole duty to gather and preserve evidence. This duty combined with the duty created by its knowledge of potential litigation, its breach of those duties, and the duty under Article 2315 to repair the harm it has caused, entitle Ms. Sayre to the adverse presumption that the missing evidence would have been unfavorable to L'Auberge.

*Id.* at 444.

We do not read the opinion in *Sayre* to be an expansion of the intentionality requirement for spoliation to include mere negligence, but an acknowledgment that in light of a permeating policy, the decision to specifically not follow all or a part thereof can under the particular circumstances of a given case be an intentional act for the very purpose of destroying potentially relevant evidence. That is the case here as determined by the trial court, which made factual findings after a full hearing on the matter. A trial court's reasonable evaluations of credibility and reasonable inferences of fact are not to be disturbed by an appellate court even though it may

feel its own evaluations and inferences are more reasonable than those of the trial court. *Greenblatt v. Sewerage & Water Bd. of New Orleans*, 19-694 (La.App. 4 Cir. 12/20/19), 287 So.3d 763. Once a trial court finds that a party has failed to produce evidence within his control, the trial court may impose a sanction in the form of an instruction to the jury that it may infer that the evidence was detrimental to that party. *BancorpSouth Bank*, 155 So.3d 614. "Under the federal and state rules of civil procedure that regulate discovery procedures, courts have broad discretion to impose a variety of sanctions against a party that fails to produce evidence in violation of the discovery rules." *Carter*, 168 So.3d at 704 (quoting Margaret M. Koesel & Tracey L. Turnbull, *Spoliation of Evidence* 61 (Danial F. Gourash ed., 3d ed.2013)). Even when the presumption applies, it is not necessarily fatal, but is one factor to weigh in adjudicating the case. *Salone*, 645 So.2d 747.

Here, there was conflicting evidence regarding the data potentially available from the RTU and the HCA and the appropriateness of BNSF's actions in gathering said data. Where two permissible views of the evidence exist, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong, even if the reviewing court would have decided the case differently. *Greenblatt*, 287 So.3d 763. We, thus, cannot find that the trial court abused its broad discretion by granting the motion and ordering a permissive, not mandatory, instruction as to spoliation.

### DECREE

For the reasons assigned, we affirm the decision of the trial court ordering the permissible negative presumption jury instruction of spoliation, and remand to the trial court for further proceedings. Costs of this appeal are assessed to Defendants/Appellants, BNSF Railway Company.

### AFFIRMED AND REMANDED.

7