| | | |
|---|---|---|
| DAVID PERRY AND SHANTAY WATKINS | * | NO. 2023-CA-0064 |
| | * | COURT OF APPEAL |
| VERSUS | | |
| | * | FOURTH CIRCUIT |
| F.H. MYERS CONSTRUCTION CORPORATION, MYERS LEASING CO., LLC, JOHN DOE AND GRAY INSURANCE COMPANY | * | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-02401, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson)

Vanessa Motta
MOTTA LAW LLC
3632 Canal Street
New Orleans, LA 70119

    COUNSEL FOR PLAINTIFF/APPELLANT

Dominic J. Gianna
Thomas Ainsworth Robichaux
AARON & GIANNA, PLC
201 St. Charles Ave
Suite 3800
New Orleans, LA 70170

    COUNSEL FOR DEFENDANT/APPELLEE

**SEPTEMBER 16, 2022 JUDGMENT REVERSED; APPEAL OF OCTOBER 26, 2022 JUDGMENT CONVERTED TO WRIT; WRIT DENIED**
**NOVEMBER 2, 2023**

Plaintiffs, David Perry and Shantay Watkins, appeal the September 16, 2022 judgment of the trial court granting defendants, F.H. Myers Construction Corporation, Myers Leasing Co., LLC, and John Doe and Gray Insurance Company's motion for sanctions pursuant to La. C.C.P. art. 1471 and the October 26, 2022 judgment grant of defendants' the motion to strike. For the following reasons, we reverse the trial court's September 16, 2022 judgment granting sanctions against plaintiffs and plaintiffs' counsel and convert the appeal of the October 26, 2022 judgment to an application for supervisory writ and deny the writ.

## FACTUAL AND PROCEDURAL BACKGROUND

The plaintiffs filed a petition for damages, alleging that they sustained physical injuries from a rear end collision on May 22, 2017. The plaintiffs were involved in a prior accident on May 16, 2022. The defendants filed a motion for a second medical opinion. On June 28, 2022, the trial court signed a judgment ordering the plaintiffs to appear for a medical examination at the office of Dr.

1

Bradley Bartholomew. The judgment further provided that Dr. Bartholomew may follow his standard office procedure for obtaining information, including a medical history from the plaintiffs.

On July 28, 2022, the defendants filed a motion for sanctions pursuant to La. C.C.P. art. 1471, arguing that the plaintiffs refused to provide Dr. Bartholomew with their medical history. Following a hearing, the trial court issued the September 16, 2022 judgment, granting the defendants' motion for sanctions pursuant to La. C.C.P. art. 1471. The judgment ordered the plaintiffs to appear for a second medical examination by Dr. Bartholomew; that the plaintiffs and their attorney pay the cost associated with the second medical examination; that the plaintiffs and their attorney reimburse the defendants the reasonable amounts of costs and attorney's fees associated with the filing and hearing on the motion for sanctions; and that plaintiffs and their attorney pay to the defendants attorney fees and costs in the amount of $5,965.00.

On September 19, 2022, the plaintiffs filed a motion for rehearing on the trial court's September 16, 2022 judgment granting sanctions. Attached to the plaintiffs' motion was an audiotape transcript. On September 28, 2022, the defendants filed a motion to strike transcript. The trial court held a hearing on October 6, 2022. The trial court signed judgment on October 26, 2022, granting the defendants' motion to strike the transcript attached to plaintiffs' motion for rehearing. On the same date, the trial court signed a second judgment denying plaintiffs' motion for rehearing.

On November 3, 2022, the plaintiffs filed a motion for suspensive appeal. This appeal follows.

## ASSIGNMENTS OF ERROR

While the plaintiffs assert five assignments of error, we narrow our discussion to two issues: 1) whether the trial court erred in sanctioning the plaintiffs and their attorney to pay $5,965.00 for willfully disobeying the June 28, 2022 judgment and ordering the plaintiffs to pay for the costs of Dr. Bartholomew to conduct a second medical examination; and 2) whether the trial court erred in striking the audiotape transcript of Dr. Bartholomew's examination.[1]

## DISCUSSION

### *Defendants' Motion to Dismiss*

First, we address the defendants' motion to dismiss appeal. The defendants argue that the September 16, 2022 judgment granting defendants' motion for sanctions pursuant to La. C.C.P. art. 1471 is an interlocutory judgment that under La. C.C.P. art. 2083(C)[2], is only appealable when expressly provided by law. The defendants further argue that the October 26, 2022 judgment granting the defendants' motion to strike uncertified transcript is an interlocutory judgment, and the issue should not be reviewed.

---

[1] The plaintiffs' five assignments of error are: 1) whether the trial court erred and abused its discretion in finding at appellants willfully disobeyed the June 28, 2022 judgment; 2) whether the trial court abused its discretion in sanctioning appellants to pay $5,965.00 ($5,800.00 in attorney fees and $165.00 in costs) and ordered appellants to pay for the cost of Dr. Bartholomew to conduct a second medical examination; 3) whether the trial court erred in striking the audiotape of Dr. Bartholomew's examination; 4) whether the trial court committed an error in law in ordering that the appellants counsel, Vanessa Motta, was *in solido* liable for the sanctions imposed against the appellants without any notice; and 5) whether the trial court abused its discretion in ordering the plaintiffs to return to Dr. Bartholomew for a medical examination after an opinion was formed.

[2] La. C.C.P. art. 2083 (C) provides that "[a]n interlocutory judgment is appealable only when expressly provided by law."

Appellate courts' jurisdiction must be invoked by a final judgment. *Joseph v. Wasserman*, 2021-0138, p. 3, (La. App. 4 Cir. 12/17/21), 334 So.3d 413, 416 (citing *Embrace Home Loans, Inc. v. Burl*, 2018-0321, p. 3 (La. App. 4 Cir. 9/19/18), 318 So.3d 86, 88). A final judgment determines the merits in whole or in part and is identified as such by appropriate decretal language. *See* La. C.C.P. art. 1841 and 1918. A final judgment may be rendered and signed by the court when it imposes sanctions or disciplinary action pursuant to La. C.C.P. arts. 191, 863, or 864 or La. C.E. art. 510(G). *See* La. C.C.P. art. 1915(A)(6).

This Court in *Cambrie Celeste LLC v. Starboard Mgmt., LLC*, 2016-1318, p. 11 (La. App. 4 Cir. 11/6/17), 231 So.3d 79, 85 explained that

> La. C.C.P. art. 1471 sanctions are triggered when a party refuses or fails to comply with a discovery order. Even in the absence of such an order, La. C.C.P. art. 191 "authorizes trial courts to impose sanctions for [failing to adhere to discovery rules] since [such failure] clearly interferes with the court's ability to fairly administer justice." *Carter v. Hi Nabor Super Mkt.*, LLC, [20]13-0529, p. 7-8 (La. App. 1 Cir. 12/30/14), 168 So.3d 698, 704. Thus, "[a] trial court has the authority to impose sanctions on a party for [...] discovery misconduct under both its inherent power to manage its own affairs and the discovery articles provided in the Louisiana Code of Civil Procedure." *Id.*, [20]13-0529, p. 7, 168 So.3d at 703. Accordingly, it makes no difference whether the trial court expressly issued sanctions pursuant to La. C.C.P. art. 1471 or La. C.C.P. art. 191 in order to trigger La. C.C.P. art. 1915(A)(6)'s application. *Cf., Robinson v. Harlan*, [20]12-0363 (La. 4/9/12), 85 So.3d 131 (reinstating appeal after appellate court erroneously held a contempt judgment under Article 1471 is not a final and appealable judgment).

Based on the foregoing principles, we find that the September 16, 2022 judgment granting defendants' motion for sanctions pursuant to La. C.C.P. art. 1471 fulfill the requirement of a final judgment and is subject to an immediate

4

appeal under La. C.C.P. art. 1915(A)(6). Thus, we deny the motion to dismiss appeal.

Next, we address the plaintiffs' right to appeal the October 26, 2022 judgment granting the defendants' motion to strike. The trial court striking the uncertified transcript of a recording of Dr. Bartholomew's medical exam is an interlocutory judgment. "[A]lthough the jurisprudence 'allows appeals from otherwise unappealable interlocutory judgments when they form part of an unrestricted appeal from a final judgment in the cause,'" this instant appeal is restricted by La. C.C.P. art. 1915(A)(6). *Elysian, Inc. v. Neal Auction Co., Inc.*, 2020-0674, 2020-0675, p. 9 (La. App. 4 Cir. 7/21/21), 325 So.3d 1075, 1083 (citing *Walters v. Canal Motors, Inc.*, 240 So.2d 101, 103 (La. App. 4 Cir.1970)). Therefore, the plaintiffs do not have the right to appeal the interlocutory judgment on the motion to strike.

***Conversion of Appeal to Writ Application***

"A court of appeal has plenary power to exercise supervisory jurisdiction over district courts and may do so at any time, according to the discretion of the court." *Joseph*, 2021-0138, p. 4, 334 So.3d at 416 (quoting *Dupuy Storage & Forwarding, LLC v. Max Speciality Ins. Co.*, 2016-0050, p. 9 (La. App. 4 Cir. 10/5/16), 203 So.3d 337, 344). Therefore, this Court has the discretion to consider an interlocutory judgment under our supervisory authority. "Because the proper procedural vehicle for seeking review of an interlocutory judgment is ordinarily by application for supervisory review, we can-when appropriate–convert the improper appeal to such an application." *Id.,* 2021-0138, p. 4, 334 So.3d at 417. When confronted with a lack of appellate jurisdiction, we have converted an appeal to an application for supervisory writ, in cases where appeals were filed within thirty-

5

day period allowed for the filing of applications for supervisory review. *Freeman v. Phillips 66 Co.*, 2016-0247, p. 3 (La. App. 4 Cir. 12/21/16), 208 So.3d 437, 441.

Plaintiffs' motion for appeal was filed on November 3, 2022, which is within the thirty-day period allowed. Thus, we exercise our discretion to convert the appeal of the October 26, 2022 interlocutory judgment into an application for supervisory writ. We now address the merits of the appeal.

***September 16, 2022 Sanction Judgment***

The plaintiffs argue that they did not willfully or intentionally ignore the trial court's June 28, 2022 judgment ordering them to appear to Dr. Bartholomew for a medical examination. The plaintiffs contend that Dr. Bartholomew's written report that provided they refused to answer questions about their medical and accident histories was inaccurate. The plaintiffs further contend that Dr. Bartholomew implied that they could defer to their medical records that were already in Dr. Bartholomew's possession. Further, plaintiffs contend that they have transcript of an audiotape recording reflecting Dr. Bartholomew's implications.[3]

An Appellate Court reviews a trial court's finding of contempt under a manifestly erroneous standard of review. *State through Dep't of Children & Family Servs. Child Support Enf't. v. Knapp*, 2016-0979, p. 11 (La. App. 4 Cir. 4/12/17), 216 So.3d 130, 139. A trial court is vested with great discretion in determining whether to hold a party in contempt of court. *Joseph v. Entergy*, 2007-0688, p. 7 (La. App. 4 Cir. 12/5/07), 972 So.2d 1230, 1236. This discretion is further vested in the trial court when imposing sanctions for failing to comply with discovery orders. *Raspanti v. Litchfield,* 2005-1512, 2006-0331, pp. 9-10 (La. App.

---

[3] The trial court's June 28, 2022 judgment provided that the plaintiffs were "permitted to have an observer and permitted to record the examination."

4 Cir. 11/21/06), 946 So.2d 234, 241. "Thus, appellate courts do not reverse the trial court's imposition of sanctions absent an abuse of discretion." *Id.*

"A court's finding that a person willfully disobeyed a lawful judgment in violation of La. C.C.P. art. 224(2)[4] must be based on a finding that the accused violated an order of the court 'intentionally, purposely, and without justifiable excuse.'" *State through Dep't of Children & Family Servs. Child Support Enf't.*, 2016-0979, p. 13, 216 So.3d at 140 (quoting *Burst v. Schmolke*, 2010-1036, p. 6 (La. App. 4 Cir. 4/6/11), 62 So.3d 829, 833).

La. C.C.P. art. 1471 provides in pertinent parts:

A. If a party or an officer, director, or managing agent of a party or a person designated under Article 1442 or 1448 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Article 1464 or Article 1469, the court in which the action is pending may make such orders in regard to the failure as are just, including any of the following:

(1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.

(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.

(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a final default judgment against the disobedient party upon presentation of proof as required by Article 1702.

(4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

(5) Where a party has failed to comply with an order under Article 1464, requiring him to produce another for examination, such

_____

[4] "Willful disobedience of any lawful judgment, order, mandate, writ, or process of the court" is an act that constitutes a constructive contempt of court. La. C.C.P. art. 224(2).

7

orders as are listed in Subparagraphs (1), (2), and (3) of this Paragraph, unless the party failing to comply shows that he is unable to produce such person for examination.

***

C. In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

The sanctions outlined in La. C.C.P. art. 1471 are imposed when a party fails to comply with a trial court's discovery order. *Cambrie Celeste LLC*, 2016-1318, p. 11, 231 So.3d at 85. In this matter, on September 16, 2022, the trial court issued a judgment on the defendants' motion for sanctions. The trial court found that the plaintiffs were in contempt of court for direct violations of the court's June 28, 2022 judgment and orders.

However, review of the record provides that the plaintiffs attended the medical examination. While Dr. Bartholomew's medical report of Ms. Watkins provides "[s]he refused to answer any questions on her patient personal history form regarding this injury" and Mr. Perry "[u]pon…attorney's advice...did not answer really any questions on his patient personal history form. They said to see records," this is not a sufficient showing that the plaintiffs' failure to verbally give their medical history was willful disobedience of the trial court's June 28, 2022 judgment, and such failure was intentional and without justifiable excuse. *See* La. C.C.P. art. 224(2); *State through Dep't of Children & Family Servs. Child Support Enf't.*, 2016-0979, pp. 22-23, 216 So.3d at 145 (The Court found that the trial court was not manifestly erroneous in denying mover's rule for contempt, and finding

that the non-mover's occasional failure to notify the mover of the child's location was not a willful disobedience of the consent judgment).

Accordingly, in the absence of evidence to support willful disobedience, we find the trial court abused its discretion in granting sanctions against the plaintiffs and the plaintiffs' counsel.

### *October 26, 2022 Motion to Strike Judgment*

Next, the plaintiffs argue that the trial court erred in striking their audiotape transcript of Dr. Bartholomew's examination that was attached to their memorandum in support for motion for rehearing on the trial court's September 16, 2022 judgment. The defendants argued in their motion to strike that the transcript attached to the plaintiffs' memorandum was an unauthenticated transcript of audiotape recordings and it was inadmissible hearsay.

We review the trial court's ruling on a motion to strike under an abuse of discretion standard. *In re Medical Review Panel of Williams v. EMSA Louisiana, Inc.*, 2015-1178, p. 6 (La. App. 4 Cir. 10/21/16), 203 So.3d 419, 425 (citing *Madison v. Inter-Continental Hotels Corp.*, 2014–0717, p. 8 (La. App. 4 Cir. 8/26/15), 173 So.3d 1246, 1251).

Pursuant to La. C.C.P. art. 2164, an appellate court must render its judgment upon the record on appeal. This Court in *Mazzini v. Strathman*, 2013-0555, p. 5 (La. App. 4 Cir. 4/16/14), 140 So.3d 253, 256 (quoting *Ritter v. Exxon Mobile Corporation,* 2008-1404, p. 9 (La. App. 4 Cir. 9/9/09), 20 So.3d 540, 546), explained:

> evidence not properly and officially offered and introduced cannot be considered, even if physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." *Denoux v. Vessel Management Services, Inc.*, 2007–2143 (La. 5/21/08), 983 So.2d 84. When the trial

9

judge rules the evidence is inadmissible, a proffer (offer of proof) can be made. La. C.C.P. art. 1636. It is incumbent upon the party who contends his evidence was improperly excluded to make a proffer, and if he fails to do so, he cannot contend such exclusion is error. *Grusich v. Grusich*, 447 So.2d 93 (La. App. 4 Cir.1984).

The transcript of the October 6, 2022 hearing, wherein the trial court granted the defendants' motion to strike, reflects that the plaintiffs failed to make a proffer of the purported audiotape transcript of Dr. Bartholomew's examination. Accordingly, the issue of admissibility of the transcript is beyond our review. For these reasons, we deny the writ application.

## CONCLUSION

For the reasons stated above, we reverse the trial court's September 16, 2022 judgment granting sanctions against plaintiffs and plaintiffs' counsel. We convert the appeal of the October 26, 2022 judgment to an application for supervisory writ and deny the writ.

**SEPTEMBER 16, 2022 JUDGMENT REVERSED; APPEAL OF OCTOBER 26, 2022 JUDGMENT CONVERTED TO WRIT; WRIT DENIED**